IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Joshua O. Thomas                                          )
                                                         )
                                                         )
                                                         )
                          Plaintiff,                     )
v.                                                       )        Case No.
                                                         )
FARMERS INSURANCE EXCHANGE                               )
a/k/a FARMERS INSURANCE COMPANY INC.   )
Serve At:                                                )
17000 West 119th Street                                  )
Olathe, Kansas 66061                                     )        REQUEST FOR JURY TRIAL
                                                         )        IN KANSAS CITY, KS
                                                         )
                          Defendant.                     )

**COMPLAINT**

COMES NOW, Plaintiff Joshua O. Thomas ("Plaintiff") by and through his undersigned

counsel and for his Complaint against Defendant Farmers Insurance Exchange a/k/a Farmers

Insurance Company Inc. ("Defendant") alleges and states as follows:

**Parties and Jurisdiction**

1. Plaintiff is a citizen of the United States, residing in Olathe, Johnson County, Kansas

   and, at all times pertinent to this Complaint for Damages, was an "employee" within the

   meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title

   VII").

2. Defendant is for-profit corporation organized under the laws of the State of Kansas,

   having its registered agent located at: 1700 West 119th Street, Olathe, Kansas 66061.  At

   all times pertinent to this Complaint for Damages, Defendant was an "employer" within

   the meaning of the Title VII of the Civil Rights Act of 1964 and 42 U.S.C.A. § 2000e *et*

   *seq.* ("Title VII").

1

3. This is an employment discrimination and retaliation lawsuit based upon and arising under Title VII.

4. All of the unlawful acts and practices set forth below were committed within Johnson County, Kansas. Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331.

5. At all times pertinent to this complaint, Defendant maintained a location at 17150 W. 118th Terrace, Olathe, Kansas 66061, where, upon information and belief, it employed more than five hundred (500) employees.

## Administrative Procedure and Procedural Posture

6. On or about May 21, 2018, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and subsequently with the Kansas Human Rights Commission ("KHRC"), alleging discrimination on the basis of Plaintiff's sex, and unlawful retaliation (attached as Exhibit A and incorporated herein by reference).

7. On or about August 1, 2018 the EEOC issued to Plaintiff a Notice of Right to Sue (attached as Exhibit B and incorporated herein by reference).

8. The aforesaid Charges of Discrimination provided the EEOC and KHRC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC and KHRC investigation of Plaintiff's claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

9. Through the filing of Plaintiff's Charges of Discrimination, Defendant was afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

10.  Plaintiff has satisfied all private, administrative and judicial prerequisites to warrant the institution of this action.

### General Allegations Common to All Counts

11. Plaintiff was hired as an employee of Defendant on or about March 9, 2015, and remains an employee as of the date of this Complaint.

12. Plaintiff was hired for the position of Senior Service Advocate, and remains in that position.

13. On or about April 2018, Plaintiff applied for an Account Underwiting Position in Phoenix, Arizona.

14. This position would have been a promotion from Plaintiff's current position and would have paid him significantly more.

15. On or about April 10, 2018, Plaintiff intereviewed for the Account Underwiting Position.

16. Plaintiff was not selected for the promotion.

17. On or about April 24, 2018, the hiring official told Plaintiff that he was not selected because they wanted an "alpha leader" in the position, making in clear that Plaintiff did not get the position because he did not fit the sex-stereotype of how a man should behave and because they did not consider him to be "alpha" enough.

18. On or about April 26, 2018, Plaintiff filed a formal complaint with the Human Resources Manager at Famers Insurance Exchange. Plaintiff reported that he had been discriminated against based on sex.

19. The Human Resources Manager explained that she would not be speaking with the hiring official, but that she would discuss the complaint with Plaintiff's supervisor.

20. On or about May 17, 2018, approximately twenty-one (21) days after his complaint, Plaintiff's supervisor placed Plaintiff on a final written warning for insubordination.

21. Plaintiff had no prior write-ups until he filed his complaint.

22. Because of this final warning, Plaintiff lost his tuition reimbursement through the company.

23. Because of this final warning, Plaintiff was no longer eligible to apply for promotions within the company.

24. Prior to this, Plaintiff had applied for thirteen (13) internal positions and was not hired for any of these positions.

25. Upon information and belief, Plaintiff was not hired for any of these positions because of his failure to conform to gender steretoypes.

26. Upon information and belief, Defendant retaliated against Plaintiff with ongoing disciplinary action for filing his formal complaint with the Human Resources in order to prevent him from applying for any additional promotions, which they had already denied him numerous times because of his failure to conform to sex stereotypes.

27. Plaintiff reported to Human Resources that he felt like this write-up was retaliation for his complaint, but nothing was ever done abut the write-up and it remained in place.

## COUNT I – DISPERATE TREATMENT BASED ON SEX UNDERTITLE VII

28. Plaintiff re-alleges and incorporates the allegations contained in above-paragraphs as if fully set forth herein.

29. During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment and an ongoing practice and/or pattern of discrimination/disparate treatment based on his sex, male, by Defendant.

4

30. Plaintiff was denied work opportunities due to his failure to conform to gender stereotypes.

31. Plaintiff was denied about thirteen other internal positions and promotions because of his failure to conform to gender stereotypes.

32. Plaintiff's sex, male, was a motivating factor in Defendant's decision to deny Plaintiff internal position(s).

33. All actions or inactions of or by Defendant occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

34. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, 42 U.S.C.A. § 2000e *et seq*., as alleged herein.

35. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other non-pecuniary losses.

36. The conduct of Defendants was outrageous and evidence of an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by

law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT II - RETALIATION IN VIOLATION OF TITLE VII (SEX DISCRIMINATION)

37. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

38. Plaintiff is a member of a protected class because of his sex.

39. Plaintiff engaged in protected activity under Title VII by reporting discrimination to human resources.

40. Defendant took adverse actions against Plaintiff as a result of his engaging in the aforementioned protected activity.

41. In retaliation, Defendant treated Plaintiff differently and created a pretext to write-up Plaintiff and subject him to discipline.

42. Defendant's actions constitute unlawful retaliation against Plaintiff and is violation of Title VII.

43. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits (including tuition reimbursement), career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other non-pecuniary losses.

44. By failing to take prompt and effective remedial action, Defendant, in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

6

45. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

### Demand for Jury Trial and Designation of Place of Trial

Plaintiffs requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint and of all related matters.

Respectfully Submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

/s/ Sarah C. Liesen _____
Sarah C. Liesen     KS #26988
sliesen@elmlawkc.com
4051 Broadway, Ste 4
Kansas City, Missouri 64111
Telephone: (816) 301-4056
Facsimile:  (816) 463-8449

**ATTORNEY FOR PLAINTIFF**

7